70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur C. SISK, Jr., Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 95-3634.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Arthur C. Sisk petitions for review of the final decision of the Merit Systems Protection Board ("Board") in Docket Number CA-0752-94-0417-C-1.[1] In its decision, the Board denied Sisk's petition for enforcement of a settlement agreement between Sisk and the Farmer's Home Administration ("FHA"), a component of the Department of Agriculture ("agency"). The agreement resolved Sisk's appeal from the action of the FHA removing him from his position as an Assistant County Supervisor. We affirm.
 
 DISCUSSION
 
 2
 Sisk was removed after the FHA determined that he had engaged in activities conflicting with his position. Sisk appealed to the Board but entered into a settlement agreement with the FHA before the appeal was heard. The settlement agreement provided that Sisk's personnel file would reveal only that he resigned from the FHA. The agreement further provided that
 
 
 3
 [i]f a prospective employer outside of [the Farmer's Home Administration] should contact [the Farmer's Home Administration] or supervisory personnel within [the Farmer's Home Administration] to inquire as to Mr. Sisk's job performance, they will be informed that for the period in which he served as assistant county supervisor in Crittenden County, Arkansas, for the Farmer's Home Administration, his performance was fully acceptable.
 
 
 4
 For his part, Sisk agreed not to apply for future employment with the FHA or any of its related agencies. As a result of the settlement agreement, Sisk's appeal was dismissed on July 7, 1994.
 
 
 5
 On August 18, 1994, Sisk wrote a letter to Congresswoman Blanche M. Lambert alleging that he had been disparately treated by the FHA because he had been forced to resign whereas another employee who had also engaged in misconduct had not been forced to resign. As a result of Sisk's letter to her, Congresswoman Lambert wrote to the FHA requesting information regarding Sisk's removal. On September 30, 1994, the FHA sent the Congresswoman a memorandum prepared by the agency's Office of General Counsel in response to her request. In its memorandum, the Office described the conduct by Sisk that precipitated his removal and the proceedings surrounding that removal. The Office also explained why the other employee who had engaged in misconduct had not been forced to resign.
 
 
 6
 On October 18, 1994, Sisk filed his request for enforcement of the settlement agreement, alleging that the FHA's response to Congresswoman Lambert's letter was a breach of the provision of the agreement quoted above. Sisk asked the Board to set aside the agreement. The AJ denied Sisk's petition after concluding that the response to Congresswoman Lambert was not a breach of the agreement.
 
 
 7
 This court affirms the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Cheeseman v. OPM, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). We find no error in the AJ's determination. The AJ found that while the settlement agreement provided that the FHA would not release to a potential employer information related to the circumstances of Sisk's resignation, it was silent as to whether the FHA might release information about the circumstances of the resignation to individuals other than a prospective employer. Sisk does not allege that Congresswoman Lambert was a potential employer. Furthermore, the Congresswoman's request for information regarding the circumstances surrounding Sisk's employment with the FHA was a direct result of Sisk's letter to her alleging disparate treatment. We agree with the AJ that the settlement agreement did not cover the communication that took place between Congresswoman Lambert and the FHA, and the FHA therefore did not breach the settlement agreement.
 
 
 
 [1]
 The February 28, 1995 initial decision of the administrative judge ("AJ") became the final decision of the Board on May 26, 1995, when the Board denied Sisk's petition for review